IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID HYKE, as the Personal Representative of the Estate of Floren Hyke,<br><br>Plaintiff,<br><br>v.<br><br>OHIO NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 8:10cv263<br><br>**ANSWER** |

Defendant, Ohio National Life Insurance Company ("Ohio National"), for its Answer to the Plaintiff's Complaint, states and alleges as follows:

1. Ohio National admits that it is an insurance company authorized to do business in the State of Nebraska. Ohio National is without knowledge sufficient to admit or deny the remaining allegations of paragraph 1 of the Complaint, and therefore denies the same.

2. Ohio National admits that Whole Life Insurance Policy number 1188127 was issued to Floren A. Hyke, the insured, on August 14, 1992 (the "Policy"). Ohio National alleges that the terms and condition of the Policy speak for themselves. Ohio National denies the remaining allegations of paragraph 2 of the Complaint.

3. Ohio National admits that it received a Designation of Beneficiary and Settlement Method Agreement for the Policy, dated July 20, 2003, which designated "David A. Hyke, Dana M. Samway & Dixie L. Landreth, children equally" as the primary

beneficiary. Ohio National denies the remaining allegations of paragraph 3 of the Complaint.

4. Ohio National denies the allegations of paragraph 4 of the Complaint.

5. Ohio National is without knowledge sufficient to admit or deny the allegations of paragraphs 5 and 6 of the Complaint, and therefore denies the same.

6. Ohio National denies that it failed to provide proper notice of premiums due under the Policy. Ohio National is without knowledge sufficient to admit or deny the remaining allegations of paragraph 7 of the Complaint, and therefore denies the same.

7. Ohio National admits that it has received a claim for benefits under the Policy on behalf of Sharon K. Hyke and David A. Hyke. Ohio National denies the remaining allegations of paragraph 8 of the Complaint.

8. Ohio National admits that a One Year Term Life Insurance Rider to the Policy terminated according to its terms on August 14, 2008, and that Ohio National has corresponded with a representative of the Plaintiff regarding the termination. Ohio National denies the remaining allegations of paragraph 9 of the Complaint.

9. Ohio National denies the allegations of paragraphs 10, 11, and 12 of the Complaint.

10. Ohio National generally denies each and every allegation of the Complaint with the exception of those allegations admitted in this Answer and those allegations that constitute admissions against the interest of the Plaintiff.

## AFFIRMATIVE DEFENSES

11. The Complaint fails to state a claim upon which relief can be granted.

12. The Plaintiff is not a designated beneficiary under the Policy, and is therefore not the real party in interest in connection with a claim seeking benefits due under the Policy.

13. The Plaintiff has failed to join necessary and indispensable parties defendant.

14. The One Year Term Life Insurance Rider upon which Plaintiff's claim is premised terminated according to its terms prior to the death of the insured.

15. Plaintiff's claim is barred by the doctrine of waiver.

16. Plaintiff's claim is barred by the doctrine of estoppel.

17. The Policy under which Plaintiff is making a claim is the best evidence of the contract at issue and is pled herein as though copied in its entirety.  Ohio National specifically pleads all terms, conditions, exclusions, and endorsements, without limitation, and denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions, endorsements, or limitations of the Policy.

18. Ohio National breached no duty and/or obligation arguably owed to Plaintiff under state or federal law.

19. Plaintiff has not satisfied the conditions of coverage under the Policy in order to be eligible for the benefits sought.

20. Plaintiff's claim is barred by the parol evidence rule.

WHEREFORE, Ohio National respectfully requests that the Complaint be dismissed with prejudice at Plaintiff's cost.

Dated this 18th day of August, 2010.

                OHIO NATIONAL LIFE INSURANCE COMPANY, Defendant.

By: <u>s/Steven D. Davidson</u>
Steven D. Davidson (#18684)
of: BAIRD HOLM LLP
1500 Woodmen Tower
Omaha, Nebraska 68102
(402) 344-0500

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2010, a true and correct copy of the foregoing was sent by United States mail, first-class postage prepaid, to the following:

Thomas D. Wulff
White, Wulff & Jorgensen
209 South 19th Street, Suite 300
Omaha, Nebraska  68102

<u>s/Steven D. Davidson</u>

DOCS/990893.1

4