IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID HYKE, Individually and as the Personal Representative of the Estate of Floren Hyke, DANA SAMWAY, and DIXIE LANDRETH,<br><br>Plaintiffs,<br><br>v.<br><br>OHIO NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 8:10CV263<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Plaintiffs' Motion for Attorney Fees and Court Costs (Filing No. 66). The Motion is supported by Briefs (Filing Nos. 67, 73) and an Index of Evidence (Filing No. 68). The Defendant does not contest the amount of time spent by Plaintiffs' lawyers and paralegal on this matter, nor does the Defendant dispute the amount of costs incurred. See Defendant's Brief (Filing No. 69, at 2-3). Instead, the Defendant refers the Court to Defendant's Index of Evidence (Filing No. 71) that contains a stipulation (Exhibit 1, at 1) noting that Plaintiffs' lawyers contracted with Plaintiffs to handle this matter for an hourly fee of $140.00, rather than the $225.00 now requested. The Defendant also notes that one of Plaintiffs' lawyers is a 2007 law school graduate who assisted lead counsel with research and writing. See Defendant's Brief (Filing No. 69 at 3) and Index of Evidence (Filing No. 71, Exhibit 2, at 3-4). Defendant's counsel asks that Plaintiffs' attorney fees not exceed $140.00 per hour with respect to hours expended by Plaintiffs' lawyers.

Neb. Rev. Stat. § 44–359 (Reissue 2010) provides that a court "shall allow the plaintiff a reasonable sum as an attorney's fee" in cases such as this one, where judgment is rendered against an insurance company for benefits due under an insurance policy.

> To determine proper and reasonable attorney fees under § 44–359, it is necessary for the court to consider the nature of the litigation, the time and labor required, the novelty and difficulty of the questions raised, the skill required to properly conduct the case, the responsibility assumed, the care and diligence exhibited, the result of the suit, the character and standing of the attorney, and the customary charges of the bar for similar services.

*Young v. Midwest Family Mut. Ins. Co.*, 753 N.W.2d 778, 783 (Neb. 2008). "There is no presumption of reasonableness placed on the amount offered by the party requesting fees." *Id.*

While the contract rate charged by Plaintiffs' lawyers is some evidence of what constitutes a reasonable hourly attorney fee in this case, it is not binding on this Court. Neither is the amount requested by Plaintiffs' lawyers in their Index of Evidence presumptively reasonable.

In support of his request for a fee at the hourly rate of $225, Plaintiffs' counsel Thomas D. Wulff states that he received his J.D. in 1983; he clerked for a Justice of the Nebraska Supreme Court; he then engaged in private practice with an emphasis on insurance defense, workers' compensation, general litigation, and personal injury claims; he is in good standing with the Nebraska Bar Association and Federal Courts; and he enjoys an AV rating in Martindale Hubbell. (Affidavit of Thomas D. Wulff, Filing No. 68-1, ¶ 1). He states that he considers a rate of $225.00 to be reasonable for his work and that of his associate Thomas Freeman (*Id.* at ¶ 2), based on factors outlined in *Quigley v. Winter,* 598 F.3d 938 (8th Cir. 2010), which generally describes the "lodestar" calculation,

*i.e.*, the number of hours reasonably expended multiplied by a reasonable hourly rate. *Id*. at 957.

Although little information is before the Court regarding the hourly rate generally charged in this geographic area for comparable work done by lawyers of comparable skill and experience, the undersigned Judge's knowledge of prevailing rates for lawyers in this geographic area who possess experience comparable to Wulff's does suggest that a rate of $225.00 per hour is reasonable for the type of work he performed in this case. The facts and law in this case were not particularly complex, but the issues were relatively novel. The key witness for the Plaintiffs was deceased. The Defendant had substantial resources with which to defend the action. The result achieved by Plaintiffs was the full measure of relief sought. With respect to the services of Wulff, the Court concludes that an hourly rate of $225.00 is reasonable.

Wulff's associate Freeman has presented no affidavit. The Court has no information about Freeman, other than the vitae presented in the Defendant's Exhibit of Evidence (Filing No. 71, Exhibit A), noting that Freeman received his J.D. in 2007, and his Master of Science in Negotiation and Dispute Resolution in 2009. Based on the limited information in the record, the Court concludes that the best evidence of the reasonable value of Freeman's services is the contract rate charged to the client for Freeman's time – $140.00 per hour.

Accordingly,

IT IS ORDERED:

Plaintiffs' Motion for Attorney Fee and Costs (Filing No. 66) is granted in part, as follows:

Attorney's Fees and Costs are awarded against Defendant Ohio National Life Insurance Company and in favor of Plaintiffs David Hyke, Individually and as the Personal Representative of the Estate of Floren Hyke, Dana Samway, and Dixie Landreth, as follows:

    a.    $17,910 for the services of attorney Thomas D. Wulff, computed at $225.00 per hour for 79.60 hours;

    b.    $9,226.00 for the services of attorney Thomas Freeman, computed at $140.00 per hour for 65.90 hours;

    c.    $399.00 for the services of paralegal Kelly L. Bartman, computed at $95.00 per hour for 4.20 hours; and

    d.    Costs in the amount of $1,272.95;

For a total award of attorney fees and costs in the amount of $28,807.95.

DATED this 15th day of December, 2011.

                          BY THE COURT:

                          s/Laurie Smith Camp
                          Chief United States District Judge